**Dolores A. ABUBOT, for the ESTATE OF Anselmo C. ABUBOT, Plaintiff,***

v.

**The UNITED STATES, Defendant.**

No. 459–81C.

United States Claims Court.

Dec. 8, 1982.

---

* The term 'Plaintiff' as used in this opinion refers to Anselmo C. Abubot who, until his death on August 19, 1981, was appearing *Pro Se.* On

Dolores A. Abubot, Philipines, pro se.

Frances L. Nunn, with whom was J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., for defendant.

## OPINION

YANNELLO, Judge.

The plaintiff is a resident of the Philippines who claims a civil service retirement annuity on the basis of his work with a federal activity in that country. Plaintiff was denied relief by the Office of Personnel Management (OPM) and by the Merit Systems Protection Board (MSPB). Defendant's earlier Motion to Dismiss this case (and to consolidate this case and other related cases) was denied without prejudice by the Appellate Division of the United States Court of Claims (predecessor of the Court of Appeals for the Federal Circuit) by order of March 30, 1982. Pursuant to that Order, and an Order entered on June 29, 1982, by the trial judge, defendant filed its present Motion For Summary Judgment on August 2, 1982.

The court's order of March 30, 1982, suggested that defendant address the following: the MSPB records, and an analysis of each claim, with dates of employment, job classifications, et cetera. Pursuant to the Federal Court's Improvement Act of 1982 (Pub.L. 97–164), the instant case was transferred to the docket of the United States Claims Court effective October 1, 1982.

The plaintiff has been afforded an opportunity under the Rules to furnish a response to defendant's dispositive motion of August 1982, but has not done so. The time for response having now expired, it is appropriate to consider defendant's motion.

May 11, 1982, the court was advised of Mr. Abubot's death by motion of his wife and beneficiary, Dolores A. Abubot, seeking substitution of proper party plaintiff. Defendant had furnished no response to such motion which was GRANTED by order of the trial judge on June 8, 1982. (Defendant's present motion for summary judgment bears the original caption in the name of Anselmo C. Abubot.)

## DISCUSSION

Plaintiff received limited inclusion in civil service coverage prior to 1945 by operation of the Missing Persons Act, 5 U.S.C. §§ 5561 et seq.

On March 8, 1938, plaintiff was employed by the United States Navy and held this position until the occupation of the Philippine Islands by Japan in December 1941. The original records of this employment were lost as a result of enemy [military] action, and plaintiff's employment history from 1938 to 1945 has been extracted from reconstructed records at the Naval Personnel Records Center.

Philippine citizens who were federally employed at the time of capitulation to Japan obtained civil service coverage by operation of Executive Order No. 9154 and the Missing Persons Act, supra. As a result, plaintiff was listed as an employee with civil service coverage from January 24, 1942, until the date of his termination of employment, following the termination of his missing status, on February 28, 1945.

Plaintiff served with the United States Naval Stores Facilities in Cavite, Philippines, pursuant to an excepted appointment as a linesman from June 13, 1945, until his separation on May 7, 1946. Plaintiff also served in an excepted position from May 13, 1946, until his separation, by a reduction in force, on June 30, 1946.

Plaintiff held a series of positions in the "excepted appointment, temporary-intermittent" status from June 22, 1947, until his termination on June 30, 1950, by a reduction in force.

In all, the service noted above, from 1945 to 1950, totalling approximately 4 years, was primarily (if not exclusively) of a temporary nature, and plaintiff's salary was based on hourly or daily wage rates.

In 1949, plaintiff requested and received a refund of the monies deducted as a contribution to plaintiff's retirement account for

his creditable service. (See 5 U.S.C. § 8342(a) concerning refunds to persons no longer employed in retirement-creditable service.)

Plaintiff first applied for civil service retirement benefits by letter of August 29, 1965.[1] During exchanges of correspondence, the Civil Service Commission, on January 18, 1967, advised plaintiff that once an employee has been paid a refund, he can effect a redeposit only when he is reemployed in a position within civil service retirement coverage.

In response to plaintiff's application for retirement of April 19, 1971, the Civil Service Bureau of Retirement, Insurance, and Occupational Health, in a letter of May 19, 1971, advised plaintiff that any retirement rights or credits he may have earned as a result of service credited pursuant to the Missing Persons Act terminated as a result of the refund to him of $72.35 in retirement deductions withheld with respect to such service.

Plaintiff again applied for civil service retirement and was again notified by letter of May 31, 1977, that the refund of the retirement-contribution deductions terminated any retirement-service credit otherwise attributable to that service. Plaintiff's request of October 7, 1977, to redeposit the amount of such refund was denied.

On January 8, 1978, plaintiff filed an application to make a redeposit which was officially denied on April 19, 1978. He was informed of his right to appeal that decision to the Commission's Board of Appeals and Review and filed an appeal on June 5, 1978. Plaintiff's appeal was denied on November 20, 1978, and this denial was, in turn, appealed on February 7, 1979.

On June 27, 1979, the Director of the Retirement and Insurance Division informed the MSPB that plaintiff had not presented any evidence to warrant reopening of the prior decision. Plaintiff appealed this determination to the MSPB on October 4, 1979.

1. In various administrative and employment submissions, both formal and informal, plaintiff reported his birth date variously as April 21, 1901, and April 21, 1914, inter alia. On the

death certificate furnished to the court (see footnote *, supra), the date of birth appears to be stated as April 21, 1921.

The MSPB issued an opinion and order on May 5, 1981, which affirmed the previous determinations that plaintiff was properly found to be ineligible to make a redeposit to the retirement fund. Thereafter, on June 16, 1981, plaintiff filed the instant action.

## DECISION

Plaintiff claims that pursuant to provisions of the Civil Service Retirement Act, 5 U.S.C. § 8334(d), he should be allowed to redeposit retirement funds which were refunded to him at his request in 1949.

 While the Act does permit redeposits, they may only be made by "employees" (as defined in 5 U.S.C. § 8333) who, at the time of the redeposit, are employed in a position to which civil service retirement coverage is extended. For example, the statute provides that the receipt of a lump-sum refund of contributions voids *all* annuity rights *until* the separated employee is *re* employed in the service *subject* to civil service retirement. 5 U.S.C. § 8342(a). (*See also* 5 U.S.C. § 724, 1950 ed.)

Plaintiff, at the times after receipt of the refund, was employed on an hourly or daily wage basis, in indefinite "temporary/intermittent" service, *not* creditable toward civil service retirement. (*See* 5 C.F.R. § 53.104 (1945 Supp.); *see also Vicente v. United States*, 1 Cl.Ct. 299, Opinion issued this date, and cases cited therein.)[2]

At the time plaintiff sought to make redeposits (*i.e.*, after 1950), he was no longer employed by the government in any capacity.

Plaintiff has properly been denied the opportunity to make the desired redeposits to his retirement account, and the agency determinations to that effect are correct as a matter of law.

Thus, plaintiff is not entitled to use the period of service for which he received a refund of his retirement contributions in determining entitlement to a civil service retirement annuity, in view of the inability to redeposit such refunds. Plaintiff is not entitled to credit for any subsequent periods of his employment, inasmuch as such service was "indefinite" and "temporary" and, hence, not creditable under the retirement program.

## CONCLUSION

Based on the foregoing, the court hereby orders that defendant's motion for summary judgment is granted, and the petition is dismissed.

---

2. Indeed, had plaintiff been employed in 1949 in any service creditable under the retirement act, he would not have been eligible to receive the lump-sum refund. 5 U.S.C. § 8342(a).