Remigio G. **VICENTE**, Plaintiff,

v.

The **UNITED STATES,** Defendant.

No. 427–81C.

United States Claims Court.

Dec. 8, 1982.

---

Remigio G. Vicente, pro se.

Frances L. Nunn, Washington, D.C., with whom was J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., for defendant.

## OPINION

YANNELLO, Judge.

The plaintiff is a resident of the Philippines who claims a civil service retirement annuity on the basis of his work with a federal activity in that country. Plaintiff was denied relief by the Office of Personnel Management (OPM) and by the Merit Systems Protection Board (MSPB). Defendant's earlier Motion to Dismiss this case (and to consolidate this case and other related cases) was denied without prejudice by the Appellate Division of the United States Court of Claims (predecessor of the Court of Appeals for the Federal Circuit) by order of March 30, 1982. Pursuant to that Order, defendant filed its present Motion For Summary Judgment on September 8, 1982.

The court's order of March 30, 1982, suggested that defendant address the following: the MSPB records, and an analysis of each claim, with dates of employment, job classifications, et cetera. Pursuant to the Federal Court's Improvement Act of 1982 (Pub.L. 97–164, 96 Stat. 25), the instant case was transferred to the docket of the United States Claims Court effective October 1, 1982.

The plaintiff has been afforded an opportunity under the Rules to furnish a response to defendant's dispositive motion of September 1982, but has not done so. The time for response having now expired, it is appropriate to consider defendant's motion.

## DISCUSSION

Plaintiff served with the Department of Navy at Subic Bay, Republic of Philippines, pursuant to an excepted (indefinite) appointment as a machinist from December 30, 1953, until his retirement on July 10, 1970.

---

* The matter is before the court as part of its general Tucker Act jurisdiction (28 U.S.C.

On April 14, 1977, plaintiff wrote the Civil Service Commission's Bureau of Retirement, Insurance, and Occupational Health, requesting that he be given a Civil Service Retirement annuity. A search of his records produced a transcript of employment indicating that no retirement deductions had been made from his salary. The Bureau then advised plaintiff, by letter of August 24, 1977, that "your federal employment was not under the civil service retirement system." (The letter also noted that plaintiff may be eligible for benefits under the Philippine retirement system only.)

By letter of November 24, 1977, plaintiff took exceptions to this opinion, and requested that his case be considered by the Commission's Appeals Review Board. By letter of January 23, 1978, the Bureau reiterated its finding that plaintiff was not entitled to a civil service retirement annuity, and forwarded to plaintiff a copy of the rules concerning appeals which plaintiff had requested.

By letter dated March 15, 1978, plaintiff appealed the Bureau's decision to the Appeals Review Board. The Board, by decision of September 22, 1978, denied plaintiff's appeal on the grounds that plaintiff had never served in a position covered by the civil service retirement act, and that plaintiff had not met the statutory requirement that an employee must complete [at least five years of] civilian service in a creditable position to be eligible for an annuity.

By letter of January 15, 1979, plaintiff requested that the case be reopened, and reiterated this request by letter of September 9, 1979. On February 9, 1981, the MSPB issued its final decision, denying plaintiff's request of January 15, 1979, to reopen and reconsider the case. The basis of this denial was, again, that plaintiff had not met the requirements for creditable service to be eligible to receive an annuity. On May 28, 1981, plaintiff filed the instant action.*

---

§ 1491). *See Gaskins v. Merit Systems Protec-*

## DECISION

The Civil Service Retirement Act may not be construed to provide benefits except in those circumstances where a qualified employee is expressly covered within its provisions. Since the law was amended on January 24, 1942 (Pub.L. 77–411, 56 Stat. 13), coverage has been extended to all employees of the United States except those who are specifically excluded by law, regulation, or Executive Order. Plaintiff's employment in an excepted, indefinite position falls within such exclusions as discussed below.

Under Executive Order No. 10180, effective December 1, 1950, *all* appointments in the executive branch were to be made on a non-permanent (i.e., indefinite) basis (except for unusual circumstances warranting permanent appointments and not relevant here.) Plaintiff here received such indefinite appointment in December 1953.

The Order further provided that such appointments were not creditable toward civil service retirement and were not considered employment within the Civil Service Retirement Act.

This Executive Order, No. 10180, was repealed by Executive Order No. 10577, effective January 23, 1955.

By virtue of Section 201 of the later Order, certain employees who had been appointed pursuant to Executive Order No. 10180, and who were as a result serving in 'indefinite' positions, were, effective January 1955, considered to be in a career conditional (with less than three years service) or a career (with three years or more service) status. Such individuals included those: (a) who had been appointed in the competitive service by selection in regular order from appropriate registers, or who had been appointed in the excepted service and who complete a probationary period, and those (b) who had been appointed in the competitive service *not* through selection in regular order and who, after examination and placement of their names on existing competitive registers, were within reach for appointment from such registers.

With respect to those individuals who, after Executive Order No. 10577, nonetheless remained in an appointment classified as "indefinite", the Civil Service Commission promulgated regulations which maintained the executive policy of excluding nonpermanent, indefinite appointees from Civil Service Retirement coverage. *See* 5 C.F.R. §§ 831.201(a)(13) and (14).

Plaintiff's employment record indicates that at all times he remained in a position classified as "indefinite" and plaintiff offers no evidence or persuasive allegation otherwise. Similarly, plaintiff does not offer any evidence or persuasive allegation to the effect that he was wrongfully deprived of any opportunity to qualify for conversion to a service status creditable under the Civil Service Retirement system as may have been envisioned in the later Executive Order, No. 10577. Hence, plaintiff's continuing "indefinite" service fell within the continued proscription noted in the regulation, 5 C.F.R. §§ 831.201(a)(13) and (14).

Entitlement to a retirement annuity requires, among other things, completion of five years of service, ending in separation from a position subject to the Act, that is: a civilian position not excluded from coverage.[1]

Plaintiff's employment fails to meet and satisfy these criteria inasmuch as his employment was at all times an "indefinite" one.

---

*tion Board*, 221 Ct.Cl. 918, Order of October 23, 1979.

1. The basic service requirement of five years of civilian service has been in effect since the amendment of February 28, 1948, Pub.L. 80–426 (5 U.S.C. § 8333(a)).

Since enactment of Public Law 83–730 on August 31, 1954 (5 U.S.C. § 8333(b)), the law also requires that, in order to establish entitlement to an annuity, an employee who applies for retirement based on a separation which occurred on or after August 31, 1954, to have completed one year of creditable civilian service subject to the Civil Service Retirement Act within the two-year period immediately preceding that separation. *Ramos v. Merit Systems Protection Board*, Civil Action No. 81–2524, D.D.C., June 15, 1982.

Consequently, plaintiff is not entitled to a retirement annuity, the decision of the MSPB was supported by the substantial evidence in the record and was correct as a matter of law, and plaintiff is not entitled to recover here. *Guevara v. United States,* 229 Ct.Cl. ——, Order of November 13, 1981; *Cubacub v. Department of Navy,* 230 Ct.Cl. ——, Order of April 16, 1982.

### CONCLUSION

Based on the foregoing, defendant's motion for summary judgment is granted, and the petition is dismissed.