854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roberto C. ESTIOBAR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3393.
 United States Court of Appeals, Federal Circuit.
 July 12, 1988.
 
 Before MARKEY, Chief Judge, NIES and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), No. SE08318610364, affirming Office of Personnel Management's (OPM's) decision denying Roberto C. Estiobar a civil service retirement annuity, is affirmed on different grounds.
 
 OPINION
 
 2
 Estiobar is eligible for a retirement annuity only if, within the last two years before his separation from federal service, he worked at least one year in a position subject to the Civil Service Retirement Act (Act). Herrera v. United States, No. 87-1542, slip op. at 2-3 (Fed.Cir. June 21, 1988); 5 U.S.C. Sec. 8333(b). As Estiobar acknowledges, his final two years of federal employment were in an excepted indefinite appointment not subject to the Act. Vicente v. United States, 1 Cl.Ct. 299, 301 (1982); Daniel v. Office of Personnel Management, 28 M.S.P.R. 10, 12 (1984). Estiobar offers no evidence to support his allegation that his employer negligently deprived him of coverage under the Act during that period. See Vicente, 1 Cl.Ct. at 301. OPM correctly concluded, therefore, that under 5 U.S.C. Sec. 8333(b) Estiobar is ineligible for a civil service retirement annuity.
 
 
 3
 We affirm the board's decision because we do not find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 107 S.Ct. 891 (1987).