951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Emiliano M. SUNGA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3328.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1991.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Emiliano M. Sunga appeals from the March 5, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319110142, which became the final decision of the Merit Systems Protection Board (Board) on April 9, 1991, in the absence of a petition for review by the Board. We affirm.
 
 OPINION
 
 2
 Respondent argues that this court is without appellate jurisdiction because Mr. Sunga's petition for review of the Board's decision was not filed within 30 days after that decision became final. Section 7703(b)(1) of Title 5, U.S.C., provides that the 30-day period for filing runs from the date the petitioner received notice of the Board's final decision. Although the record indicates that the AJ's Initial Decision (including the notation to April 9, 1991 finality) was sent by regular mail to Mr. Sunga in the Philippines on March 5, 1991, nothing in the record indicates when Mr. Sunga actually received the decision. Because it is not clear whether Mr. Sunga's petition is in fact time-barred, we address its merits.
 
 
 3
 The AJ found that Mr. Sunga obtained a lump-sum refund of retirement contributions made during his 1950-53 service. While the Civil Service Retirement Act does permit redeposits of refunds, they may only be made by "employees" (as defined in 5 USC 8333) who, at the time of the redeposit, are employed in a position which is covered by the Civil Service Retirement System (CSRS). 5 USC 8334(d); Estate of Abubot v. United States, 1 Cl.Ct. 296, 299 (1982). The receipt of a lump sum voids any future entitlement to an annuity based upon the period for which the deductions were withheld. 5 USC 8342(a) (1988). E.g., Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060-61 (Fed.Cir.1985). Mr. Sunga does not allege that he redeposited his refund during any post-1953 employment. Nor could he have, in light of the AJ's further finding that none of Mr. Sunga's post-1953 positions were covered by the CSRS. In short, Mr. Sunga has not come within the terms of the statute. See 5 USC 8333(a) and (b) (1988).
 
 
 4
 We may not overturn the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 USC 7703(c). Finding no such error present in this case, we must affirm.
 
 
 5
 No costs.