79 F.3d 1164
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Molly M. MOORE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3758.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board) affirming the Office of Personnel Management (OPM) final reconsideration decision, which denied petitioner Molly M. Moore's request for an increase in her disability annuity, is affirmed.
 
 OPINION
 I.
 
 2
 Ms. Moore worked intermittently for the federal government from 1969 until 1993, when she retired on disability. Upon her separation from the government, OPM awarded her a reduced disability retirement annuity. Because during one brief period of her federal service, Ms. Moore's pay was not subject to retirement deductions, and because for two other periods of service she previously received a refund of her retirement contributions, OPM found that Ms. Moore was not entitled to a full annuity unless she paid $19,725 to cover these periods. She did not make the payments.
 
 
 3
 Ms. Moore sought reconsideration, requesting that OPM increase her annuity payments, either by waiving the retirement deposit/redeposit requirement or by allowing her to make the payment in installments to be deducted from her monthly annuity check. On reconsideration, OPM denied her request and affirmed its initial decision. Ms. Moore then appealed to the Board, where she also requested a "waiver and/or installment payments."
 
 
 4
 The administrative judge (AJ) held that Ms. Moore was "not entitled to credit for her service without having made the redeposit, which OPM calculated to be $19,725, representing her retirement contributions with interest." He found that she "was advised of the consequences of" receiving a refund of her retirement contributions, and, citing Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), ruled that even if she had been misinformed, "such erroneous information from government employees does not create an exception that would provide the appellant with an unreduced annuity or allow her to make the redeposit in installments." The AJ's decision became final when the full Board denied review on July 19, 1995. Before this court, Ms. Moore again seeks an increased annuity, less a monthly deduction to be applied towards the deposit/redeposit amount.
 
 II.
 
 5
 The computation of a disability annuity under the Civil Service Retirement System is governed by 5 U.S.C. § 8339 (1988). The amount of the annuity depends, among other things, upon the annuitant's length of service with the federal government. Id. Normally the number of years of service used to calculate annuity amounts is the same as the actual number of years of employment with the government. 5 U.S.C. § 8332 (1988). With some exceptions not relevant here, however, periods of service during which no retirement deductions were made and periods of service for which a refund of retirement deductions has previously been made are not counted towards the length of service for the purpose of annuity computation, unless funds are deposited to cover the nondeduction period of service, 5 U.S.C. § 8339(i) (1988), and funds are redeposited to cover the refunded period of service. 5 U.S.C. § 8334(d) (1988); 5 C.F.R. § 831.303 (1993).
 
 
 6
 Ms. Moore bears the burden of proof to show her entitlement to an increased retirement annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (holding that the petitioner has the burden of proof to establish entitlement to an annuity). Because she has not shown that she submitted the funds required to cover the periods of service for which she received refunds and the period of service during which no retirement deductions were taken from her pay, she has not carried this burden.
 
 
 7
 Although Ms. Moore now for the first time presents documentation that several months prior to retirement, she requested that $50.00 be regularly deducted from her pay to be applied toward the $19,725 retirement deposit amount, she does not claim that any such deduction ever occurred, and she does not dispute the AJ's finding that she "did not make the $19,725 redeposit while she was employed with the [Veteran's Administration]." Notwithstanding OPM's statement in its brief that if she "directed the [Veteran's Administration] to deduct monthly installments of $50 from her weekly pay before she retired.... Ms. Moore may be entitled to her full disability retirement annuity," her mere request for deductions cannot create an entitlement to credit for years of service for which retirement deductions were refunded or never taken. The funds must actually have been paid for her annuity amount to reflect those years of service. See Broad v. Office of Personnel Management, 53 M.S.P.R. 575, 577 (1992) ("[B]ecause the lump-sum payment was not redeposited by the appellant while he was reemployed in a position subject to [the Civil Service Retirement System], he is not entitled to disability retirement based upon his prior service."); DeLeon v. Office of Personnel Management, 49 M.S.P.R. 369, 373 (1991) ("Unless an employee is reemployed in a position subject to the civil service retirement system and redeposits the withdrawn funds, receipt of the retirement contribution voids all rights to an annuity based on the service upon which the refund is based.").
 
 
 8
 The Board correctly denied Ms. Moore's request that she now, post-retirement, be permitted to make $150 installment payments to be subtracted from her monthly annuity payment. She can no longer deposit/redeposit any or all of that amount because she is no longer an "employee" under 5 C.F.R. § 831.112 (1993), the regulation that defines who may do so. See also Abubot v. United States, 1 Cl.Ct. 296, 299 (1982) ("While the Act does permit redeposits, they may only be made by 'employees' ... who, at the time of the redeposit, are employed in a position to which civil service retirement coverage is extended."); Broad, 53 M.S.P.R. at 577.
 
 
 9
 Although Ms. Moore's situation is regrettable, the statutory provisions governing annuity computation do not provide for deviation from their requirements in hardship cases. See Sanchez v. Office of Personnel Management, 47 M.S.P.R. 343, 347 (1991) ("[G]iven the appellant's ineligibility for an annuity under 5 U.S.C. § 8342, he cannot now be awarded an annuity based on equitable principles alone.").