976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Feliciano TIMBANCAYA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3510.
 United States Court of Appeals, Federal Circuit.
 Aug. 21, 1992.
 
 Before RICH, MICHEL and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Feliciano Timbancaya petitions for review of a Merit Systems Protection Board decision, Docket No. SE08319110214, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 On December 24, 1990, OPM denied Timbancaya's request for reconsideration of its decision that Timbancaya was not entitled to a civil service retirement annuity because he had not shown that he was separated from a position covered by the civil service retirement system preceded by 5 years of creditable service. 5 U.S.C. § 8333; Herrera v. United States, 849 F.2d 1416 (Fed.Cir.1988). Timbancaya appealed to the Board contending that his service with the Philippine Insular Government from May 21, 1924 to May 20, 1927 and from December 30, 1931 to November 14, 1935 was at least 5 years of "creditable" service and that the "covered" service requirement did not apply until 1954. The Administrative Judge (AJ) first determined that the law in effect at the time of Timbancaya's separation from the Philippine Insular Government in 1935 applied. The AJ held that while it was "undisputed that the appellant has at least 5 years of creditable service," the law in effect in 1935 required not 5, but 15 years, of creditable service to be eligible for a civil service retirement annuity. The AJ determined that Timbancaya had "provided no evidence that he meets the 15-year service requirement or that this requirement is not applicable to him." Accordingly, the AJ affirmed OPM's reconsideration decision. The Board denied Timbancaya's petition for review because it did not meet the criteria for review. 5 C.F.R. § 1201.115.
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Sections (a) and (b) of 5 U.S.C. 8333 currently provide that to be eligible for a civil service retirement annuity, an employee must have: (1) five years of creditable service, and (2) one year of service subject to the civil service retirement system during the last two years of service. However, as the Board noted, Timbancaya was involuntarily separated from federal employment when the Philippine Insular Government ceased to exist upon the creation of the Commonwealth of the Philippines on November 15, 1935. The law in 1935 required an employee who was involuntarily separated from the service to have at least fifteen years of creditable service. See Act of May 29, 1930, ch. 349, § 7, 46 Stat. 468, 474. The requirement that an involuntarily separated employee have only five years of creditable service to qualify for an annuity was not enacted until 1942. See Act of January 24, 1942, ch. 16, § 5, 56 Stat. 13, 16.
 
 
 4
 Timbancaya does not allege that he had the required 15 years of creditable service. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.