**Tirso S. HERRERA, Plaintiff–Appellant,**

v.

**The UNITED STATES,
Defendant–Appellee.**

**Appeal No. 87–1542.**

United States Court of Appeals,
Federal Circuit.

Feb. 10, 1988.

Published Opinion Issued June 21, 1988.*

* This opinion is published pursuant to an unopposed motion to publish filed by the appellee.

Tirso S. Herrera, of Biwas, Tanza, Cavite, Herrera & Cervania Block, Phillippines, submitted pro se.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for defendant-appellee.

Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.

BISSELL, Circuit Judge.

The judgment of the United States Claims Court, No. 354–85C (July 14, 1987), dismissing the complaint wherein Herrera sought retirement benefits under the Civil Service Retirement Act, 5 U.S.C. §§ 8331–8351 (1982 & Supp. IV 1986), is affirmed.

## OPINION

Herrera, a former civilian employee of the Department of the Navy, sought a deferred annuity pursuant to the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8338 (1982).[1] At the administrative level, Herrera's application for retirement benefits was denied because he failed to establish that one of the last two years of the service upon which his application was based was service covered by the CSRA, as is required by 5 U.S.C. § 8333(b) (1982). There are two "types" of federal service that are pertinent to a determination of whether an individual is entitled to benefits under the CSRA—"creditable service" and "covered service." Although most service as an employee of the federal government is creditable service, service that is creditable service is not necessarily covered service. During the period of Herrera's employment, for example, creditable service was not covered service if the employee was paid on an hourly basis, Exec. Order No. 9,154, 3 C.F.R. 1152 (1938–1943), or was serving under non-permanent appointments, Exec. Order No. 10,180, § 1, 3 C.F.R. 363 (1949–1953). During his final two years of employment, Herrera served under non-permanent appointments.

The distinction between covered and creditable service is critical in a civil service retirement annuity entitlement determination, because, in addition to prescribing the length of creditable service an individual must have to be eligible for an annuity, the CSRA also provides that "[a]n employee ... must complete, within the last 2 years before any separation from service ... at least one year of creditable civilian service during which he is [covered by the CSRA]...." 5 U.S.C. § 8333(b). Accordingly, an applicant for a civil service annuity must meet the so-called "one-out-of-two" requirement before being eligible for any annuity—one of the last two years of the applicant's federal service must have been covered service or the applicant does not meet the criteria for an annuity. *Tirado v. Department of Treasury,* 757 F.2d 263, 264–65 (Fed.Cir.1985); *Guevara v. United States,* 229 Ct.Cl. 595, 598 (1981); *Vincente v. United States,* 1 Cl.Ct. 299, 301–02 (1982).

In this case, even if Herrera's first four periods of employment were both creditable and covered, that service amounted to only a little more than two years. As to the balance of Herrera's employment (somewhat more than three years), the Office of Personnel Management and the Merit Systems Protection Board found that none of it was *covered service* because it was all pursuant to temporary, indefinite appointments. These factual determinations were accepted by the Claims Court. Herrera did not meet the "one-out-of-two years" test.

On appeal, Herrera does not dispute the Board's factual or legal determinations, but argues that similarly situated former employees were granted civil service retirement benefits. This argument must be summarily dismissed because "[w]e must

1. Herrera's application for civil service retirement benefits was filed prior to the effective date of the CSRA, January 11, 1979. Thus, his claim was adjudicated as though the Reform Act had not been enacted and this case was properly before the Claims Court. *See Wilson v. Turnage,* 791 F.2d 151, 155–56 (Fed.Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986).

apply and enforce the law in the case here regardless of what the [Civil Service Commission] may have done in the past in another case." *Baker v. United States*, 614 F.2d 263, 267, 222 Ct.Cl. 263 (1980).

In addition, Herrera argues that the Claims Court ignored the fact that the length of his creditable service was more, not less, than five years. Herrera is correct that his creditable service totals more than five years and that the Claims Court and the Board erred in finding that Herrera did not have five years of creditable service. However, Herrera must also meet the "one-out-of-two-years" requirement in order to qualify for a deferred annuity, and the record before us establishes that his service does not meet that requirement. Because we review judgments, not words in opinions, any surface blemishes in the order of the Claims Court which did not affect the substantive rights of Herrera do not compel reversal of the judgment. *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741–42, 3 USPQ2d 1817, 1821–22 (Fed.Cir.1987); *Chemical Eng'g Corp. v. Essef Indus., Inc.*, 795 F.2d 1565, 1572, 230 USPQ 385, 390 (Fed.Cir.1986). Mislabeling Herrera's "non-covered" service as "non-creditable" service was a harmless error because his service, regardless of the label, does not meet the "one-out-of-two-years" requirement.

## CONCLUSION

Accordingly, based on the evidence in the record, the Claims Court correctly granted the government's motion for summary judgment and the judgment of the Claims Court is affirmed.

AFFIRMED.