907 F.2d 159
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Victor C. FAJARDO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3149.
 United States Court of Appeals, Federal Circuit.
 June 20, 1990.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and GARRETT E. BROWN,* Jr., District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB or Board), No. SE08318910714, which upheld the determination of the Office of Personnel Management (OPM), denying petitioner's application for an annuity under the Civil Service Retirement Act. We affirm the decision of the MSPB.
 
 OPINION
 
 2
 Petitioner's appeal to the MSPB from the denial of his application by OPM was untimely by 17 days, even after the MSPB took into account a possible delay in the mail. The Board ordered Mr. Fajardo to furnish information showing why he filed his appeal after the expiration of the 20-day time limit, but he did not respond to the order. Accordingly, the Board declined to waive the time limit and dismissed his appeal.
 
 
 3
 Although the Board dismissed the appeal as untimely, it nevertheless considered the case on its merits and found that petitioner had failed to establish his entitlement to the claimed annuity. Under the applicable statute, 5 U.S.C. Sec. 8337(a), the burden is on a government employee to prove that he has completed five years of creditable civilian service in order to be entitled to a civil service retirement annuity. Piccone v. United States, 407 F.2d 866, 876 (Ct.Cl.1969). After a careful review of the record, we agree with the Board's alternative determination that petitioner failed to discharge that burden. Petitioner claimed credit for his service as a teacher with the Commonwealth of the Philippine Government between 1937 and 1941. However, Federal Personnel Manual, Supplement 831-1, Appendix C-4 (September 21, 1981), provides that the only service with the Insular Government of the Philippine Islands creditable toward civil service retirement, is service between December 10, 1898, and November 15, 1935, when the Commonwealth of the Philippine Islands was established.
 
 
 4
 Petitioner was employed as a civilian by the Army for a period of three years and five months from 1941 to 1945, but no retirement reductions were taken from his salary during that period.
 
 
 5
 Mr. Fajardo also served as a civilian employee of the Army, from December 8, 1946, to April 28, 1947, and again, from June 6, 1947, to July 24, 1947. However, for each of these periods OPM's finding is unrebutted that he served under a nonpermanent, indefinite appointment, which is expressly excluded from coverage under the Civil Service Retirement Act. See Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). Since the petitioner failed to establish that he had a minimum of five years of creditable service, the MSPB correctly held that he was not entitled to the claimed retirement annuity.
 
 
 
 *
 Judge Garrett E. Brown, Jr. of the District of New Jersey, sitting by designation