918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose M. ALCONES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3202.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1990.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Jose M. Alcones appeals the decision of the Merit Systems Protection Board (Board), No. SE08318910394 (December 15, 1989). The Board denied Mr. Alcones' application for an annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 
 2
 The CSRA sets forth the requirements for a retirement annuity. Under the applicable statute, a government employee must show completion of five years of creditable civilian service. 5 U.S.C. Sec. 8333 (1988). Additionally, at least one of the last two years must have been in a position covered by the CSRA. Id. In 1941, petitioner worked as a telegraph operator and a volunteer observer at Olongapo U.S. Naval Reservation. Between 1941 and 1945, he served with resistance forces in the Philippines. Between July 12, 1945 and October 14, 1948, Mr. Alcones worked in a number of short-term positions (less than one year each) for the Navy Department. From March 12, 1958 to March 3, 1983, Mr. Alcones was a civilian employee of the United States Navy at Subic Bay, Philippines. Petitioner's service in these positions does not satisfy the CSRA's five-year requirement.
 
 
 3
 Petitioner has not claimed civil service annuity credit for his 1958-1983 employment with the Navy Department. Petitioner's employment records for this period specifically show that he was not eligible for retirement benefits.
 
 
 4
 Mr. Alcones' short-term employment (1945-1948) does not qualify him for an annuity. See Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988); 5 U.S.C. Sec. 8347(g); 5 C.F.R. Sec. 831.201(a)(1), (12)-(14).
 
 
 5
 Neither does petitioner's service with Philippine resistance forces qualify him for CSRA credit. Only in special circumstances may military service be used to satisfy the time requirement necessary to establish entitlement to an annuity. For example, an employee who leaves a covered civilian position to enter United States military service during a war may receive credit toward the five-year service requirement. 5 U.S.C. Sec. 8332(g); McGrath v. Office of Personnel Management, 32 M.S.P.R. 235, 238, aff'd, 829 F.2d 43 (Fed.Cir.1987). The Board correctly decided that petitioner's pre-war employment does not qualify as a covered civilian position. Thus, petitioner's military service is not creditable.
 
 
 6
 In sum, the record does not show that petitioner's service entitles him to a civil service retirement annuity. We affirm the Board's decision.