923 F.2d 872
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Amado VICTORIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3449.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1990.
As Amended on Denial of Rehearing April 12, 1991.
 
 Before PAULINE NEWMAN, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 This case is an appeal from the June 4, 1990, decision of the Merit Systems Protection Board ("Board"), Docket Number SE08319010059, to reopen and modify its earlier decision sustaining the Office of Personnel Management's decision to disallow petitioner's application for a civil service retirement annuity ("CSRA"). We vacate and remand.
 
 OPINION
 
 2
 The Board found that petitioner rendered civilian service as a laborer and machinist foreman for the Department of the Navy from March 10, 1945 to June 30, 1946; August 16, 1946 to November 11, 1949; November 14, 1949 to June 30, 1950; February 27, 1951 to August 1, 1952; and June 22, 1954 to April 18, 1978. It concluded that petitioner's eligibility for a CRSA was based on 5 U.S.C. Sec. 8333(a) and (b) (1988), which required that an employee complete five years of creditable civilian service with at least one of the last two being in a "covered" position.
 
 
 3
 The Board also found that petitioner had completed more than five years of creditable civilian service. However, it determined that petitioner did not serve one of the last two years in a covered position because his last two years of service were rendered pursuant to temporary, intermittent, and indefinite appointments, and he never made contributions to the Civil Service Retirement and Disability Fund. The Board concluded that his employment thus fell within the intermittent employee and indefinite appointment exclusions from covered service contained in 5 C.F.R. Sec. 831.201(a)(2)[1] and (a)(13)[2] (1990) and that petitioner was not entitled to a CSRA.
 
 
 4
 We review the Board's decision to determine if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 Two types of federal service are pertinent to a determination whether an individual is eligible for a CSRA: "creditable" service, defined in 5 U.S.C. Sec. 8332, and what is generally referred to as "covered" service, to which 5 U.S.C. Sec. 8333(b) is applicable. Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). Since the Board found that petitioner satisfied the creditable service requirement, we need only address the covered service requirement. To satisfy the covered service requirement " '[a]n employee ... must complete, within the last 2 years before any separation from service ... at least 1 year of creditable civilian service during which he is [covered by the Civil Service Retirement Act]....' " Id. (quoting and construing 5 U.S.C. Sec. 8333(b)).
 
 
 6
 Petitioner argues that he satisfied the covered service requirement because, on October 3, 1971, his temporary appointment was converted to a permanent appointment and he was in that position until April 18, 1978. We find that there is a lack of substantial evidence in the record to support the Board's decision that petitioner's position did not become permanent. The notification of Personnel Action dated October 8, 1971, states that the nature of the action taken was "Promotion-Permanent." While the Retirement box indicated "none," this designation is not substantial evidence of the non-permanent nature of petitioner's new job status when the same document also uses the word "permanent." When the government is making an appointment, and the distinction between temporary and permanent appointments is critical, it has an obligation to avoid confusion in its use of terms, and specifically not to use the word "permanent" if it intends a "temporary" appointment. Thus, the Board erred in excluding petitioner under 5 C.F.R. Sec. 831.201(a)(13).
 
 
 7
 Section 831.201(a)(2) of 5 C.F.R. also excludes employees from covered service if the service was for non-full-time employment. The Board determined that petitioner's appointments were intermittent and, thus, petitioner's service was not covered service. However, we see no evidence in the record that petitioner's last six-and-a-half year appointment was for anything less than full-time employment. The government has not argued otherwise. Thus, we conclude that the Board's determination that petitioner's last six-and-a-half year appointment was an intermittent one is not supported by substantial evidence. Accordingly, petitioner is not excluded from covered service under 5 C.F.R. Sec. 831.201(a)(2).
 
 
 8
 The Board also noted, without explicitly premising its decision on the point, almost as an aside, that deductions were not withheld from petitioner's pay, implying that he was not entitled to an annuity for that reason. No legal authority was cited as support for the proposition that a government employee is not entitled to an annuity if the government did not withhold deductions from his salary. We therefore will not decide this issue.[3]
 
 
 9
 However, since we have concluded that the Board erred in holding that petitioner's employment fell within the intermittent and indefinite exclusions from covered service and we do not have either the Board's clear holding that he was not a covered employee for lack of deductions or petitioner's response to such a holding, we will vacate the Board's decision and remand for a determination on this issue.
 
 
 10
 We also note that petitioner was entitled to thirty-one months retirement pay pursuant to a collective bargaining agreement noted in his last personnel Standard Form 50. Moreover, we see that the act only provides an annuity to an "employee," and 5 U.S.C. Sec. 8331(1) excludes from the definition of an employee "(ii) an employee subject to another retirement system for Government employees." Since we are unable on the present record to determine whether the payments under the collective bargaining agreement recited on the Standard Form 50 come within the above exclusion, we instruct the Board on remand to decide also whether petitioner is excluded from an annuity by virtue of his participation in another retirement system.
 
 
 11
 We conclude that the Board erred in its holding that petitioner was excluded from covered service by virtue of his employment being temporary and intermittent. Since we do not have the Board's clear decision on the question whether petitioner failed to qualify as a covered employee because deductions were not made from his pay or because he was covered under another government retirement plan, we vacate the Board's decision and remand for further proceedings.
 
 COSTS
 
 12
 Costs to petitioner.
 
 
 
 [1]
 5 C.F.R. Sec. 831.201 is entitled: "Exclusions from retirement coverage." Subsection (a) states that "[t]he following groups of employees in the executive branch of the Government are excluded from subchapter III of chapter 83 of title 5, United States Code [i.e., the Civil Service Retirement subchapter]," group (2) being "[i]ntermittent employees--non-full-time employees without a prearranged regular tour of duty."
 
 
 [2]
 5 C.F.R. Sec. 831.201(a)(13) includes "[e]mployees serving under non-permanent appointments, designated as indefinite
 
 
 [3]
 Nor is there evidence that petitioner availed himself of 5 U.S.C. Sec. 8334(c), which permits certain employees for whom deductions have not been made to deposit a specified amount of their pay, presumably in order to qualify for an annuity