956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sergio D. DATUGAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3591.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1992.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Sergio D. Datugan appeals from the March 18, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SE08319110079, affirming the reconsideration decision of the Office of Personnel Management (OPM) denying Datugan's application for an annuity under the Civil Service Retirement Act (CSRA), which became the final decision of the Merit Systems Protection Board (Board) when it denied review on August 6, 1991. We affirm.
 
 DISCUSSION
 
 2
 In order to qualify for a Civil Service retirement annuity after August 31, 1954, an applicant therefor (1) must have completed at least five years of creditable service; and (2) during the final two years of service before separation, must have served for at least one year in a position that is covered by or subject to the CSRA. See 5 USC 8333(a)-(b); Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988); Balanay v. Office of Personnel Management, 47 MSPR 219, 222 (1991); Noveloso v. Office of Personnel Management, 45 MSPR 321, 323 (1990). Although most service as an employee of the federal government is creditable service, service that is creditable is not necessarily covered service. Herrera, 849 F.2d at 1417. Covered service is more limited in scope, referring to federal employees who are "subject to" the CSRA; i.e., employees who must deposit part of their basic pay into the Civil Service Retirement and Disability Fund. Noveloso, 45 MSPR at 323. OPM's regulations specifically exclude from Civil Service retirement coverage certain groups of employees, including those serving under appointments limited to one year or less (other than those appointed by the President to fill unexpired terms of office on or after January 1, 1976), 5 CFR 831.201(a)(1) (1991), and those serving under non-permanent appointments, designated as indefinite, made after January 23, 1955. Id. at (a)(13).
 
 
 3
 Datugan is correct when he asserts that he "has more than five [years of] credi[ta]ble service"; OPM erred in stating otherwise in its reconsideration decision. OPM's error is harmless, however, because regardless of the length of his creditable service, Datugan does not meet the covered service requirement. As the AJ found, Datugan initially served under a series of appointments limited to one year or less, and was subsequently given an "indefinite" appointment, with nothing in the record to indicate that the indefinite nature of the latter ever changed throughout the remainder of Datugan's service. Datugan does not challenge these factual findings. Based thereon, the AJ concluded that none of Datugan's service was covered service under the CSRA as the AJ's opinion carefully explained, and therefore, Datugan is not entitled to a retirement annuity. The Board's decision must be affirmed.