11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Teofilo AQUINO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3653.
 United States Court of Appeals, Federal Circuit.
 Sept. 30, 1993.
 
 Before PLAGER and LOURIE, Circuit Judges, and RONEY*, Senior Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 Mr. Aquino appeals the June 29, 1992 final decision of the Merit Systems Protection Board (Board), Dkt. No. SE08319110205, dismissing for lack of timeliness Mr. Aquino's petition for review of the Administrative Judge's (AJ) May 9, 1991 initial decision. We affirm.
 
 BACKGROUND
 
 2
 Mr. Aquino was employed as a civilian worker by the United States Air Force from January 7, 1946 until January 15, 1978. For only a portion of this period, i.e., from January 7, 1946 or April 30, 1950[1] until April 7, 1958, his employment was covered by the Civil Service Retirement Service (CSRS).[2]
 
 
 3
 On June 14, 1958, in response to an application he had filed, Mr. Aquino received a lump-sum payment of $456.28. This payment represented the amount of CSRS contributions that had been withheld from his salary to date plus interest.
 
 
 4
 On February 20, 1990, Mr. Aquino applied to the Office of Personnel Management (OPM) for a CSRS annuity. On June 8, 1990, OPM denied the application. On December 14, 1990, OPM denied Mr. Aquino's petition for reconsideration of that decision.
 
 
 5
 Mr. Aquino then appealed the OPM's decision to the Board. On May 9, 1991, the Administrative Judge (AJ) rendered an initial decision sustaining the decision of the OPM.
 
 
 6
 On May 21, 1991, Mr. Aquino petitioned the Board for review of the AJ's decision. However, on May 30, 1991, the Board dismissed the petition on the ground it had not been served on the government prior to filing. The Board did not dismiss the petition outright, however. Instead, it gave Mr. Aquino up to thirty days, i.e., up to June 30, 1991, to correct the deficiency.
 
 
 7
 Mr. Aquino, however, did not do so until February 18, 1992, almost eight months after the expiration of this time period.[3] Accordingly, the Board, on April 10, 1992, notified Mr. Aquino that his attempted corrective action was untimely, but gave him an opportunity to submit an affidavit or sworn statement showing good cause for the delay. On May 5, 1992, Mr. Aquino responded, but did not submit an affidavit or sworn statement as directed by the Board. Accordingly, on June 29, 1992, in the decision that gave rise to this appeal, the Board dismissed the petition for lack of timeliness. This appeal was filed on August 6, 1992.
 
 DISCUSSION
 I.
 
 8
 As a preliminary matter, it is unclear from the record whether Mr. Aquino is also appealing the Board's decision on the merits.[4] If he is, that portion of the appeal is untimely pursuant to 5 U.S.C. Sec. 7703(b)(1) (1988)[5] because it apparently was filed more than thirty days after Mr. Aquino was or should have been on notice of the Board's decision.[6] Thus, it is questionable whether we would have jurisdiction over that portion of the appeal.[7]
 
 
 9
 We have concluded that we do not need to resolve this issue. Even if we were to address the merits, as discussed later in this opinion, Mr. Aquino has not shown sufficient error to justify overturning the Board's decision.
 
 II.
 
 10
 Addressing first the timeliness issue, in its June 29, 1992 decision, the Board found that Mr. Aquino's attempted corrective action on February 18, 1992 was almost eight months late, and that Mr. Aquino had not established good cause for a waiver. On appeal, Mr. Aquino does not address this issue at all. Instead, he focuses his entire brief on the merits of the Board's decision denying him an annuity. Thus, he has not shown error in the Board's decision on the timeliness issue. Accordingly, we affirm that decision.
 
 III.
 
 11
 Were we to address the merits, we note that the AJ specifically found that the lump-sum payment applied for and received by Mr. Aquino in June of 1958 represented all the CSRS contributions that had been withheld from his salary during the January 7, 1946 through April 7, 1958 period plus interest. Accordingly, pursuant to 5 U.S.C. Sec. 8342(a) (1988)[8], Mr. Aquino voided his right to a CSRS annuity stemming from his employment during this period.
 
 
 12
 As to the subsequent April 8, 1958 through January 15, 1978 period, the AJ specifically found that none of Mr. Aquino's employment during this period was covered by the CSRS. Accordingly, pursuant to 5 U.S.C. Sec. 8333(a)-(b) (1988)[9] as well as our precedent[10], Mr. Aquino was not entitled to a CSRS annuity stemming from that employment.
 
 
 13
 On appeal, Mr. Aquino has not alleged any error in these findings. Instead, he argues that he is entitled to relief based solely on equitable considerations. Unfortunately, however, we cannot ignore clear statutory language in the pursuit of equity. Consequently, we reject this argument.
 
 
 14
 Mr. Aquino also submits on appeal two documents suggesting that he in fact worked for the Air Force up until August 23, 1984 rather than January 15, 1978 as found by the AJ. However, we decline the invitation to consider these documents since there is no indication in the record they were submitted to or considered by the Board. Moreover, even were we to consider these documents, Mr. Aquino has not shown that any portion of this additional service, i.e., that occurring from January 16, 1978 until August 23, 1984, was covered by the CSRS. Thus, they would not change our view that the Board's decision on the merits should be affirmed.
 
 CONCLUSION
 
 15
 For all the foregoing reasons, under the limited standard of review we are bound to apply under 5 U.S.C. Sec. 7703(c) (1988), we affirm.
 
 
 
 *
 Honorable Paul H. Roney, Senior Circuit Judge, Eleventh Circuit, sitting by designation
 
 
 [1]
 There is some dispute in the record as to which is the correct date. The AJ found that it was January 7, 1946. On appeal, Mr. Aquino has shown no error in this finding
 
 
 [2]
 According to the AJ, "covered" service refers to federal service for which CSRS contributions have been withheld from the employee's salary
 
 
 [3]
 Mr. Aquino refiled the petition with a regional office of the Board apparently after serving a copy on the government
 
 
 [4]
 That decision became final on June 30, 1991, when Mr. Aquino failed to timely correct the deficiency in his May 21, 1991 petition
 
 
 [5]
 That statute provides in relevant part that "any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board."
 
 
 [6]
 According to the record, the Board's May 30, 1991 notice (advising Mr. Aquino that he had thirty days to correct the deficiency in the May 21, 1991 petition) was air mailed to him on May 30, 1991. Thus, it can reasonably be inferred that he received it soon after
 
 
 [7]
 Mr. Aquino has not shown any basis for tolling that period under Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990)
 
 
 [8]
 That section provides in relevant part "the receipt of the payment of the lump-sum credit by the employee or Member voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based...."
 
 
 [9]
 5 U.S.C. Sec. 8333(b) provides in relevant part "[a]n employee or Member must complete, within the last 2 years before any separation from service ..., at least 1 year of creditable civilian service during which he is subject to this subchapter before he or his survivors are eligible for annuity under this subchapter based on the separation
 
 
 [10]
 Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988)