17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Manuel P. REYES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3341.
 
 Federal Circuit.
 Jan. 14, 1994.
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Manuel P. Reyes appeals the decision of the Merit Systems Protection Board, Docket No. SE0831910409-M-1, affirming the Office of Personnel Management decision that Mr. Reyes is not entitled to an annuity under the Civil Service Retirement Act (CSRA). The decision is affirmed.
 
 Discussion
 
 2
 Mr. Reyes was born on September 18, 1917. Starting in 1979 he sought the retirement annuity to which he believed he was entitled by virtue of various periods of employment by or for the United States government, before, during, and after World War II. Although the record before us is not complete, it contains a letter dated April 28, 1983 wherein Mr. Reyes sent OPM a detailed statement of his employment by the United States at Corregidor Island, his period of incarceration during the war with Japan, and subsequent employment at various United States military facilities.
 
 
 3
 Mr. Reyes' letter of April 29, 1983 was acknowledged on August 19, 1983. After many unacknowledged inquiries from him about the status of his annuity, by letter dated November 16, 1987, OPM denied his request. After additional paperwork, completion of forms, and inquiries as to status, on September 21, 1988 he received an Initial Decision from OPM, wherein OPM stated that it had verified less than five years of creditable service between 1939 and 1948, that none of this service was "covered" by the CSRA, and that he was not entitled to an annuity. Mr. Reyes requested reconsideration on October 17, 1988, stating that he understood that his time in Japanese incarceration was to be included, in accordance with the Missing Persons Act, 5 U.S.C. Sec. 5561 et seq. (1980, Supp.1993), and that he had the requisite period of service. He wrote to OPM every few months thereafter, pointing out his increasing age, his need, and his entitlement.
 
 
 4
 On March 8, 1991, OPM responded to the request for reconsideration. OPM stated that Mr. Reyes had 4 years and 3 months of creditable service, in 1939-41, in 1945-46, and in 1947-48. OPM did not count his asserted service in 1950-51 for lack of any corroboration in its records, and was silent as to the period 1942-44. OPM verified two additional years of creditable service in 1956-58. None of this service, according to OPM, was covered by the CSRA. His other service was through contractors, and was neither creditable nor covered.
 
 
 5
 Mr. Reyes appealed to the MSPB, stating that the period of his incarceration should be included under the Missing Persons Act. In denying his appeal the MSPB stated that he had over five years of creditable service, counting his service in 1956-58, but that he had not shown that he had one year of covered service during the last two years of his employment, as was required by the CSRA as amended in 1954. Civil Service Retirement Act-Amendment, Pub.L. No. 730, Ch. 1148, 68 Stat. 1004, 1005 (1954). The MSPB did not comment on the time of his incarceration.
 
 
 6
 Mr. Reyes appealed to the Federal Circuit. After Mr. Reyes filed his brief on appeal, the OPM requested remand to the Board, in order to determine whether Mr. Reyes qualified for an annuity under the law that prevailed before 1954. Before 1954, separation from any period of "covered" service, even one day, entitled an employee to an annuity provided that he had completed a total of five years of "creditable" service. See Civil Service Retirement Act-Amendment, Pub.L. No. 411, Ch. 16, Sec. 5, 56 Stat. 13, 16 (1942), as amended by Civil Service Retirement Act-Amendment, Pub.L. No. 426, Ch. 84, Sec. 5, 62 Stat. 48, 52 (1948). See also Senate Rep. No. 2230, 83d Cong., 2d Sess. 3562-3563 (1954). "Covered" service is service "subject to" the CSRA, with mandatory deductions from the employee's pay. See Noveloso v. Office of Personnel Management, 45 M.S.P.R. 321, 323 (1990). Although most government service is "creditable" for purposes of calculation of length of employment, not all "creditable" service is "covered" service. Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988).
 
 
 7
 Upon remand, Mr. Reyes sought to establish that he was employed by the United States in 1950-51 by means of affidavits of compatriots, and OPM produced a document casting doubt on this evidence. The Board held both that Mr. Reyes had less than five years of creditable service before 1954, and that he did not meet the "covered" position requirement that was in force before 1954. Mr. Reyes brought the appeal that is now before us.
 
 
 8
 OPM points out that it is irrelevant whether Mr. Reyes' period of incarceration is counted, because in no event did he meet the requirement that he be separated from a position "covered" by the CSRA, under either the pre-1954 or post-1954 law. There is no evidence that Mr. Reyes was ever employed in a position "covered" by the CSRA. The Board apparently had reviewed the personnel records, and found "[t]he personnel documents concerning the periods of service from 1939 through 1948 clearly indicate that these appointments were not covered positions." The record before us documents Mr. Reyes' employment during 1947 and 1948, expressly stating that he was not subject to the CSRA.
 
 
 9
 Despite the unexplained delays, none of which can be attributed to Mr. Reyes, we must affirm the Board's decision, for it is correct in law, and substantial evidence supports the findings of fact with respect to the absence of covered service.