70 F.3d 1290
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Antolin Q. CABBAB, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3204.
 United States Court of Appeals, Federal Circuit.
 Nov. 20, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Jan. 23, 1996.
 
 Before MICHEL, Circuit Judge, NIES, Senior Circuit Judge,* and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Antolin Q. Cabbab seeks review of a decision of the Merit Systems Protection Board (Board), Cabbab v. Office of Personnel Management, Docket No. SE0831940311-I-1 (Dec. 5, 1994), in which the Board affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying Cabbab's request for a retirement annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. Secs. 8331-8351 (1994). We affirm.
 
 
 2
 * Between 1961 and 1992, Cabbab worked in various positions for the United States Navy at Subic Bay in the Republic of the Philippines. After his separation from service in 1992, Cabbab applied for a deferred retirement annuity under the CSRA. By a January 25, 1994 reconsideration decision, OPM denied Cabbab's application. On February 7, 1994, Cabbab appealed to the Board, and in an initial decision dated September 29, 1994, the administrative judge (AJ) affirmed OPM's denial of Cabbab's application for retirement benefits.
 
 
 3
 The AJ found that Cabbab's service during the periods from September 26, 1961 to June 15, 1962 and from October 6, 1965 to August 22, 1980 was service with a nonappropriated fund instrumentality (NAFI). The AJ concluded that this service was not creditable for CSRA retirement purposes under 5 U.S.C. Sec. 2105(c) (1994) and 5 U.S.C. Sec. 8332(b)(16) (1994). The AJ also found that Cabbab's second phase of service from September 14, 1981 to September 18, 1992 was excepted service under an indefinite appointment. The AJ concluded that Cabbab's service during this second phase was creditable service, but it was not service covered by the CSRA because it was performed pursuant to an indefinite appointment. See 5 C.F.R. Sec. 831.201(a)(13) (1995). The AJ also noted that CSRA retirement contributions were never withheld from Cabbab's pay and that Cabbab received retirement pay under a plan other than the CSRA. Consequently, the AJ held that Cabbab's service was not "covered" service and thus Cabbab did not satisfy the requirement that at least one year of his final two years of civilian service be covered by the CSRA. See 5 U.S.C. Sec. 8333(a), (b) (1994).
 
 
 4
 After the full Board denied Cabbab's petition for review, the initial decision became the final decision of the Board. Cabbab then sought review in this court.
 
 II
 
 5
 A decision of the Board must be affirmed unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994); see Holland v. Department of Air Force, 31 F.3d 1118, 1120 (Fed.Cir.1994). Cabbab challenges the Board's conclusions of law in this appeal.
 
 
 6
 The Board concluded that Cabbab was employed by a NAFI between September 26, 1961 and August 22, 1980. In Dupo v. Office of Personnel Management, No. 95-3088 (Fed.Cir. Oct. 31, 1995), the companion case to this appeal, we held that under 5 U.S.C. Sec. 2105(c) (1994), service with a NAFI is not creditable for CSRA purposes except in limited circumstances. Under 5 U.S.C. Sec. 8332(b)(16) (1994), NAFI service is creditable if the following three requirements are met: (1) the service was performed for a NAFI between June 18, 1952 and January 1, 1966; (2) the service performed during that period involved conducting the activities for personnel of the armed forces listed in 5 U.S.C. Sec. 8332(b)(16); and (3) the individual was an employee subject to the CSRA on November 9, 1986. Dupo, slip op. at 5.
 
 
 7
 Although a portion of Cabbab's NAFI service satisfies the first requirement because it was performed between June 18, 1952 and January 1, 1966, Cabbab has not satisfied the second requirement. The Board determined that Cabbab submitted no evidence indicating that he conducted any of the activities specified in 5 U.S.C. Sec. 8332(b)(16). We cannot disturb this finding. Cabbab also fails to satisfy the third requirement because Cabbab was excluded from CSRA retirement coverage on November 9, 1986.
 
 
 8
 While Cabbab's second phase of service--from September 14, 1981 to September 18, 1992--was creditable service under 5 U.S.C. Sec. 8333(a), see Rosete v. Office of Personnel Management, 48 F.3d 514, 516 (Fed.Cir.1995); Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988), Cabbab's service is excluded from coverage under the CSRA because the service was under an indefinite appointment, see 5 C.F.R. Sec. 831.201(a)(13). We have recently upheld the validity of this regulation. Rosete, 48 F.3d at 518-19. As none of Cabbab's service was covered service, see Rosete, 48 F.3d at 516; Herrera, 849 F.2d at 1417, Cabbab was not an employee subject to the CSRA on November 9, 1986.
 
 
 9
 Therefore, the Board did not err in affirming OPM's decision denying Cabbab's application for a retirement annuity.
 
 
 10
 No costs.
 
 
 
 *
 Judge Nies assumed senior status on November 1, 1995