# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW J. BLASCO,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBER
PH-0831-16-0141-I-1

DATE: June 24, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew J. Blasco</u>, Kensington, Connecticut, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its decision finding that the appellant was not entitled to retirement benefits. For the reasons discussed below, we GRANT

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

OPM's petition for review and REVERSE the initial decision. OPM's reconsideration decision is AFFIRMED.

## BACKGROUND

¶2 The appellant was employed by the Department of Veterans Affairs (DVA) from 1977 to 1988 as a Biomedical Equipment Support Specialist on a full-time schedule. On his separation, he sought and received a refund of his Civil Service Retirement System (CSRS) retirement contributions. Initial Appeal File (IAF), Tab 8 at 39. He was reemployed in 1989 on an intermittent schedule under an appointment that was excluded from CSRS coverage. *Id.* at 25. On April 22, 1993, while still under an intermittent schedule, his appointment was converted to one that conferred CSRS coverage.[2] *Id.* On November 11, 2014, the appellant filed an application for a deferred annuity, *id.* at 21-28, based on his November 30, 2014 retirement, *id.* at 30.

¶3 OPM denied the appellant's application, initially and on reconsideration, explaining that, when he retired, he was age 62 with 18 years, 2 months, and 12 days of creditable service, and that, due to the nature of his intermittent appointment, he did not meet the "one out of two" requirement for an annuity. IAF, Tab 8 at 6-8, 16. In its reconsideration decision, OPM referred to 5 U.S.C § 8333(b), stating that the appellant "did not complete 1 year of continued service within the 2 years immediately preceding [his] separation in a position subject to the [Civil Service] Retirement Act." *Id.* at 8.

¶4 On appeal, the appellant argued that, during his last period of employment, he was in a covered position because contributions were withheld from his pay, and that therefore he did meet the "1 out of 2" requirement. IAF, Tab 16. He requested a hearing. IAF, Tab 1 at 1.

---

[2] The appellant was under CSRS Offset, which is the same as CSRS, but it is also coordinated with Social Security. IAF, Tab 16 at 14.

¶5     Thereafter, the administrative judge issued an initial decision in which he considered the parties' differing views on the applicability of 5 U.S.C. § 8333(b) to the appellant's situation.  IAF, Tab 26, Initial Decision (ID).  Specifically, the administrative judge considered OPM's position that "covered service" must be calculated like "creditable service" which requires a determination of actual time worked, meaning that an intermittent employee like the appellant must have worked the equivalent of 1 "work year" of creditable, covered service during his last 2 years of service to qualify for retirement benefits, which the appellant did not.[3]  ID at 3-4.  The administrative judge also considered the appellant's position that the applicable law only requires that 1 of his last 2 years of service have been covered service, and that the creditable service calculation is irrelevant.  The administrative judge found the appellant's position "persuasive," ID at 4, and "the more reasonable" of the two, ID at 6, and on that basis reversed OPM's reconsideration decision, ID at 1, 7.  The administrative judge remanded the case to OPM and ordered it to process the appellant's retirement benefits application and calculate his annuity consistent with the administrative judge's initial decision, and then to issue a new reconsideration decision.  ID at 7.

¶6     The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the appellant has responded, PFR File, Tab 3.

## ANALYSIS

¶7     The appellant's entitlement to an annuity is governed by chapter 83 of title 5 of the U.S. Code.  Two types of Federal service are pertinent to a determination of whether an individual is entitled to a retirement annuity under the Civil Service Retirement Act (CSRA)—"creditable service" and "covered service."  Almost all Federal service is creditable service.  Covered service is more limited in scope, referring to Federal employees who are "subject to" the

---

[3] The appellant worked 1 month and 10 days in 2013 and 27 days in 2014, his last 2 years of service.  IAF, Tab 8 at 18-19.

CSRA, i.e., employees who must deposit part of their basic pay into the Civil Service Retirement and Disability Fund (the Fund). *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table).

¶8 There are two requirements that govern eligibility for an annuity under the CSRA. 5 U.S.C. § 8333. The first is that the employee must have completed at least 5 years of civilian service. 5 U.S.C. § 8333(a). There is no question that the appellant met this requirement. In finding that he also met the second requirement, the administrative judge agreed with the appellant that the law requires only that 1 of his last 2 years have been covered service, 5 U.S.C. § 8333(b), which it was. ID at 5; IAF, Tab 8 at 31.[4]

¶9 However, the administrative judge misreads 5 U.S.C. § 8333(b) as not requiring that 1 of the appellant's last 2 years also be creditable service. Subpart (b) requires that an employee has completed, within the last 2 years before any separation from service, except a separation because of death or disability, at least 1 year of creditable civilian service that is covered service. The issue here is whether, because of his intermittent schedule, the appellant had 1 year of creditable service out of his last 2 years of service.

¶10 Intermittent employment means employment without a regularly scheduled tour of duty. 5 C.F.R. § 340.401(b). There is no dispute that the appellant had an intermittent work schedule. IAF, Tab 16 at 14. OPM's *Civil Service Retirement System (CSRS) and Federal Employees' Retirement System (FERS) Handbook for Personnel and Payroll Offices (Handbook)* explains how such service is credited. *De Laet v. Office of Personnel Management*, 70 M.S.P.R. 390, 394 (1996) (recognizing that the *Handbook* is an authoritative interpretation of employee

---

[4] Early on in the adjudication of this appeal, OPM took the positon that the appellant had not been engaged in "covered service" for 1 of the last 2 years before his separation. IAF, Tab 8 at 4. Ultimately OPM acknowledged that the appellant's service was covered because retirement contributions were deducted from his salary during his last appointment. PFR File, Tab 1 at 9.

rights and agency responsibilities under Federal retirement laws); *see Handbook* (April 1998), https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/ (last visited June 23, 2022). It provides that, with certain exceptions not applicable here, such employees can only receive credit for time they actually served. *See Handbook*, Section 20A3.1-1(C)(1); *see also Handbook*, Section 50A2.1-3(G)(1) (generally, when an individual is employed on an intermittent basis without a prearranged regularly scheduled tour of duty, only the actual days in a pay status are credited). Therefore, even though the appellant's service was covered service, because he only worked 1 month and 10 days in 2013 and 27 days in 2014, his last 2 years of service, IAF, Tab 8 at 18-19, he did not complete 1 year of creditable civilian service prior to his 2014 separation, and therefore he is not entitled to an annuity.[5] 5 U.S.C. § 8333(b).

¶11    In reversing the initial decision, we agree with OPM that the administrative judge erred in crediting the appellant's witnesses, DVA employees who worked in the agency's retirement counseling center, who testified at the hearing that, over the years, other similarly situated employees had received retirement benefits from OPM. ID at 6; Hearing Compact Disc. That testimony is not relevant to the matter at issue because it involves statutory interpretation, which is a question of law, and therefore such unsubstantiated anecdotal evidence has no bearing on this case. *Herrera v. United States*, 849 F.2d 1416, 1417-18 (Fed. Cir. 1988). Nor do we attach any significance to the fact that OPM originally found the appellant eligible for benefits, IAF, Tab 16 at 5, and then, in its subsequent decision, found that he was not, *id.* at 6, or that, even then, it incorrectly maintained that his ineligibility was due to the fact that his service was not covered, *id.* Payments of money from the Fund are limited to those authorized by statute, *see Office of*

---

[5] Notwithstanding this disposition, the appellant is entitled to have returned to him the amounts deducted from his pay during this period of service for which no eligibility for an annuity has been established. 5 U.S.C. § 8333(b).

*Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990), and the requirements for eligibility for a retirement benefit are substantive legal requirements that allow for no administrative discretion by OPM or by the Board. *Andrada v. Office of Personnel Management*, 74 M.S.P.R. 226, 233, *aff'd*, 132 F.3d 55 (Fed. Cir. 1997) (Table).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.