NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY BOWDEN, SR.,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2023-2377

---

Petition for review of the Merit Systems Protection Board in No. DC-0831-23-0285-I-1.

---

Decided:  July 24, 2024

---

ANTHONY BOWDEN, SR., Washington, DC, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Petitioner Anthony Bowden, Sr. appeals a decision by the Merit Systems Protection Board, affirming a final decision of the Office of Personnel Management to reduce Mr. Bowden's annuity when he became eligible to receive social security old-age benefits. Because the Board correctly determined that Mr. Bowden was not eligible for enrollment in the Civil Service Retirement System (CSRS), but was instead properly enrolled in CSRS Offset and his annuity offset was therefore appropriate, we affirm.

I

A

On January 1, 1987, the Federal Employees Retirement System (FERS) Act went into effect, replacing the CSRS. *See* FERS Act of 1986, Pub. L. No. 99-335, 100 Stat. 514. At that time, CSRS became a closed system, and most new or existing federal employees who were not already covered by CSRS were automatically covered by FERS. However, a small class of federal employees—those who had at least five years of creditable civilian service prior to 1987—were not automatically enrolled in FERS. Instead, employees who had at least five years of creditable service, with at least one of the last two years being CSRS-covered service,[1] could be eligible for CSRS annuity coverage. *See* 5 U.S.C. § 8333 ("Eligibility for annuity"); *see also Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988) ("[A]n

---

[1] "Although most service as an employee of the federal government is creditable service, service that is creditable service is not necessarily covered service." *Herrera*, 849 F.2d at 1417. For example, although term or temporary appointments are creditable towards years of civil service, they are specifically excluded from CSRS coverage, and therefore creditable but not covered service. *See* 5 C.F.R. § 831.201 ("Exclusions from retirement coverage").

applicant for a civil service annuity must meet the so-called 'one-out-of-two' [year] requirement [of 5 U.S.C. § 8333(b)] before being eligible for any annuity—one of the last two years of the applicant's federal service must have been covered service or the applicant does not meet the criteria for an annuity."). Conversely, federal employees who had at least five years of creditable civil service, but not the required one-out-of-two years of covered service (*e.g.*, those in term or temporary appointments), were not eligible for CSRS annuity coverage. *Herrera*, 849 F.2d at 1417. Instead, those employees only had the option of enrolling in FERS or CSRS Offset.

Under CSRS Offset, a federal employee receives both a CSRS annuity and old-age benefits from the Social Security Administration (SSA). *See* 5 C.F.R. § 831.1001. Upon reaching the age of eligibility for social security old-age benefits, the Office of Personnel Management (OPM) is required to reduce or offset the annuitant's CSRS annuity by the amount equal to their eligible monthly SSA benefits. 5 U.S.C. § 8349(a)(1). The record reflects that Mr. Bowden enrolled in CSRS Offset. *See* SAppx. 6, 47.[2]

B

Between June 1979 and July 1987, Mr. Bowden held multiple non-consecutive term or temporary civil service appointments. It is undisputed that these appointments were not retirement covered appointments. *See* SAppx 2. On July 15, 1987, Mr. Bowden received his first retirement-covered career appointment. *Id.* At that time, Mr. Bowden's July 1987 Standard Form (SF)-50 listed his retirement plan as "FERS." SAppx. 47. Although initially placed in FERS, Mr. Bowden requested to be placed in

---

[2]    Citations to "SAppx." refer to the Supplemental Appendix accompanying Respondent Office of Personnel Management's Informal Brief, ECF No. 14.

CSRS Offset in November 2007.[3] *See* SAppx. 6, 47. Following the correction, Mr. Bowden's SF-50s listed him as covered by CSRS Offset. SAppx. 33–44.

Mr. Bowden retired on August 31, 2015, prior to turning 62. In a letter dated December 26, 2015, OPM informed Mr. Bowden that, as required by law and in accordance with CSRS Offset, his monthly annuity would be reduced when he reached the age of 62 and became eligible for social security old-age benefits. On December 23, 2021, after Mr. Bowden had turned 62, OPM sent another letter informing him that beginning in 2022, his monthly annuity would be reduced by $1,406.30—the calculated offset amount reflecting the portion of monthly social security benefits he was now eligible for.

Subsequently, Mr. Bowden requested a recalculation of his annuity and the offset amount, which OPM later confirmed was correctly calculated.[4] On November 25, 2022,

---

[3]    The record indicates that although Mr. Bowden requested CSRS Offset coverage in November 2007, he was erroneously placed in FERS through February 28, 2008. SAppx. 2–3. This error was properly corrected pursuant to the Federal Erroneous Retirement Coverage Corrections Act and is not at issue in this appeal. *See* Pub. L. No. 106-265 tit. 2, 114 Stat. 770 (2000) (codified at 5 U.S.C. § 8331 note). Instead, the issue on appeal is whether Mr. Bowden should have initially been placed in CSRS without the offset.

[4]    The record shows that on July 11, 2022, OPM sent two letters to Mr. Bowden regarding this recalculation request. The first letter erroneously stated that Mr. Bowden's annuity would be recalculated to not include the offset, SAppx. 29, while the second letter correctly stated that the offset was required by law and confirmed OPM's earlier calculation, SAppx. 30. OPM also sent a

Mr. Bowden wrote to OPM, requesting reconsideration of its recalculation decision. In his request for reconsideration, Mr. Bowden stated that he believed he "should not be on CSRS offset . . . [he] should be on CSRS" without the offset. SAppx. 32. OPM issued a final decision on January 20, 2023, affirming its initial recalculation decision after again finding Mr. Bowden's annuity and offset correctly calculated. OPM's final decision also explained that all of Mr. Bowden's service prior to July 15, 1987, consisted of term or temporary appointments that were not retirement covered, and that CSRS was already "a closed system when [he] became [retirement] covered" on July 15, 1987. SAppx. 23. "Consequently, [Mr. Bowden] became subject to CSRS-Offset." *Id.*

On February 15, 2023, Mr. Bowden filed an appeal with the Merit Systems Protection Board, challenging OPM's final decision. Once more, Mr. Bowden argued that he should have been placed in CSRS, not CSRS Offset. Mr. Bowden also asserted that he was not properly notified of his CSRS Offset enrollment, and that he did not understand the ramifications of such enrollment. On June 1, 2023, the MSPB issued an initial decision affirming OPM's final reconsideration decision. *See* SAppx. 1–18. The administrative judge found that "[Mr. Bowden] was not eligible for CSRS" at the time of his enrollment, "and therefore he was not entitled to elect it." SAppx. 7. The administrative judge also found that "the agency notified [Mr. Bowden] of the retirement system in which he was

---

letter on October 31, 2022, again confirming that the offset calculation was correct. SAppx. 31. It is unclear why the initial incorrect letter was sent, but in its final recalculation decision, OPM acknowledged the error and affirmed that the offset was nevertheless required by law, noting that the "error does not serve to create rights for which [Mr. Bowden is] not entitled." SAppx. 24.

placed . . . dating back to February 28, 2008." SAppx. 7. The MSPB's initial decision became final on July 6, 2023, after Mr. Bowden did not file a petition for review with the Board.

Mr. Bowden timely appeals the Board's final decision. We have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## II

Our review of MSPB decisions is limited by statute. We must affirm the Board's decision unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Whitmore v. Dep't of Lab.*, 680 F.3d 1353, 1366 (Fed. Cir. 2012). "Under this standard, we will reverse the MSPB's decision if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Just.*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (citation and internal quotation marks omitted).

## III

On appeal, Mr. Bowden challenges the Board's finding that he was properly enrolled in CSRS Offset. Pet. Br. 19. Mr. Bowden again argues that he should have been enrolled in CSRS without the offset. We disagree. As a matter of law, Mr. Bowden could not have been enrolled in CSRS without the offset.

The record shows that prior to 1987, Mr. Bowden held only term or temporary appointments that were excluded from CSRS coverage. SAppx. 6. When Mr. Bowden received his first retirement-covered career appointment on July 15, 1987, CSRS was already a closed system. *Id.* Therefore, at a minimum, Mr. Bowden could not have enrolled in CSRS without offset unless he had at least five years of creditable

service with at least one of the last two years being retirement covered service. *See* 5 U.S.C. § 8333 ("Eligibility for annuity"); *see also Herrera*, 849 F.2d at 1417. But Mr. Bowden did not have the one-out-of-two years of required covered service, because none of the service prior to his 1987 appointment was retirement covered service. Thus, as a matter of law, Mr. Bowden was not entitled to CSRS without offset and could not have elected it when he finally became eligible for retirement coverage in July 1987. Instead, Mr. Bowden was only eligible for FERS or CSRS Offset.

Because Mr. Bowden was correctly enrolled in CSRS Offset—as he personally requested in November 2007, SAppx. 47—OPM was required by law to reduce his annuity when he turned 62 and became eligible for social security benefits, *see* 5 U.S.C. § 8349. Mr. Bowden's SF-50s plainly listed which retirement plan he was enrolled in, *e.g.*, SAppx. 33–47, and multiple letters from OPM explicitly notified Mr. Bowden that his annuity would be reduced when he became eligible for social security benefits, *e.g.*, SAppx. 28, 30–31. Substantial evidence supports the Board's finding that Mr. Bowden received proper notice that he was enrolled in CSRS Offset as well as details regarding when and how much his annuity would be offset. Therefore, we affirm the Board's decision.

## IV

We have considered Mr. Bowden's remaining arguments and find them unpersuasive. Because Mr. Bowden was not eligible for CSRS without the offset, and because substantial evidence supports the Board's findings that he received proper notice, we affirm the Board's decision.

## AFFIRMED

### COSTS

No costs.