29 F.3d 644
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Remedios L. MADRIGAL, Petitioner-Appellant,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent-Appellee.
 No. 94-3111.
 United States Court of Appeals, Federal Circuit.
 June 10, 1994.
 
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Remedios L. Madrigal appeals the October 20, 1993 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE-0831-93-0359-I-1, sustaining the Office of Personnel Management's (OPM's) reconsideration decision that Ms. Madrigal was not entitled to an annuity under the Civil Service Retirement Act (CSRA). Because the Board ruled correctly on application of two prior statutes but failed to rule on the current CSRA, we affirm-in-part, vacate-in-part and remand.
 
 DISCUSSION
 
 2
 On appeal, we must affirm the Board's pension decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). A petitioner bears the burden of proving entitlement. Id. at 141.
 
 
 3
 Ms. Madrigal was employed as a teacher by the Philippine Insular Government from June 6, 1927 to November 14, 1935,[1] when the autonomous commonwealth of the Philippine Islands (National Government) was established. Petitioner's Insular Government salary was never subjected to withholding for purposes of the CSRA. Petitioner applied for a deferred retirement annuity which was denied by OPM. After her request for reconsideration was also denied by OPM, petitioner appealed to the Board.
 
 
 4
 The Administrative Judge (AJ) found that petitioner's Insular Government service was creditable for purposes of the CSRA. Petitioner did not provide any evidence of creditable or covered service subsequent to November 14, 1935. Under the law in effect at the time of petitioner's separation, 15 years of creditable service was required for eligibility for an annuity. Act of May 29, 1930, ch. 349, Secs. 1, 3, & 7, 46 Stat. 468, 470 & 474 (1930) ("the 1930 Act"). Because petitioner had only 8 1/2 years of creditable service, the AJ held that she was not entitled to a retirement annuity.
 
 
 5
 The AJ rejected petitioner's argument that the 1942 amendments to the 1930 Act, reducing the creditable service requirement to 5 years, applied to her case, noting that the 1942 amendments specifically stated that they would not "affect any rights of persons separated prior to the effective date of [the] Act." Slip op. at 3 (quoting the Act of January 24, 1942, ch. 16, Sec. 10, 56 Stat. 13, 17 (1942)). The AJ made no finding as to petitioner's eligibility under the current CSRA.
 
 
 6
 On appeal, petitioner argues that the Board erred as a matter of law because it did not apply the more lenient provisions of the current CSRA, also requiring only 5 years of creditable service. 5 U.S.C. Sec. 8333(a) (1988). It is well settled that the applicable law in determining whether an employee is entitled to benefits is that in effect at the time of the employee's separation from service when the employee cannot meet the current law requirements. See, e.g., Esteban v. Office of Personnel Mgmt., 978 F.2d 700, 701 (Fed.Cir.1992) (applying first current law and then law in effect at time of each separation from service since a person can qualify under either and Esteban did not qualify under current law); Bulato v. Office of Personnel Mgmt., 52 M.S.P.R. 217, 219-20 (1992); Oliveros v. Office of Personnel Mgmt., 49 M.S.P.R. 360, 362 (1991), dismissed, 965 F.2d 1064 (Fed.Cir.1992) (Table) (dismissing appeal as untimely). Therefore, the Board did not err in applying the 1930 Act. Petitioner admittedly does not qualify for an annuity under the provisions of the 1930 Act because she does not have 15 years of creditable service.
 
 
 7
 The 1942 amendments do not apply for the reason stated by the AJ.
 
 
 8
 To be entitled to an annuity under the current CSRA, petitioner must establish (1) that she has 5 years of creditable service, and (2) that 1 of the last 2 years of service prior to separation was in a covered position. 5 U.S.C. Sec. 8333(a), (b). Although her service with the Philippine Insular Government satisfies the 5 year creditable service requirement, no finding was made by the AJ as to the covered service requirement.
 
 
 9
 Petitioner asserts that the requirement for covered service is inapplicable because that provision was not enacted until 1954, and therefore, did not affect her service which terminated in 1935. Alternatively, petitioner argues that even if the covered service requirement of section 8333(b) applied, her service prior to 1935 should be considered covered.
 
 
 10
 Petitioner's argument that the "covered service" requirement does not apply to her fails. On the one hand, petitioner argues that she should be permitted to take advantage of the more lenient creditable service requirement of 5 years, which was not enacted until 1942. Yet, petitioner asserts that the 1954 amendment adding the covered service requirement came too late to apply. Both of these amendments were enacted subsequent to petitioner's involuntary termination of service in 1935. Her argument logically fails because were we to accept her position, neither Act would apply. Therefore, to be eligible under the current CSRA, petitioner must establish that she meets the covered service requirement of section 8333(b). In any event, as we have said, the 1942 law cannot apply to her because it is not retroactive. Moreover, the covered service requirement first enacted in the 1954 amendment does apply, not because of when it was enacted, but because it is current law which binds OPM.
 
 
 11
 Our case law is clear that "[a]lthough most service as an employee of the federal government is creditable service, service that is creditable service is not necessarily covered service." Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). In order to be covered, an employee's position must be statutorily made subject to the provisions of the CSRA. Id. Petitioner relies on the Act of May 22, 1920, ch. 195, Pub.L. No. 66-215, Sec. 8 (1920) and Act of Feb. 28, 1948, ch. 84, Pub.L. No. 71-279, Sec. 9, 46 Stat. 472 (1948) to establish that her service with the Philippine Insular Government was subject to CSRA and retirement deductions were called for and, therefore, her position was covered. Those Acts, however, only apply to "employees in the classified civil service of the United States." Pub.L. No. 66-215, Sec. 1; See also Pub.L. No. 71-279, Sec. 5. Therefore, petitioner must first prove that she was an employee in the civil service of the United States Government in order to establish applicability of these statutes. And under the current CSRA, petitioner must prove that she is an "employee" within the meaning of Title 5 in order to establish coverage. 5 U.S.C. Sec. 8333(a), (b) (referring to "employees" or "members"); 5 U.S.C. Sec. 2105 (1988) (defining "employee" for purposes of title 5).
 
 
 12
 Petitioner admits that no retirement deductions were withheld from her salary, which would have been evidence of coverage. See In re Kaltakji, 1 M.S.P.R. 63, 64 (1978). She asserts, however, that failure to take deductions was due to agency oversight or error. See id. If petitioner could establish that she was a permanent employee within the meaning of the current CSRA and thus her position was subject to CSRA withholding, she would show coverage under the current CSRA provided that her position was not otherwise excluded from coverage by statute or regulation. We can make no such determination here because it would involve issues of fact which should be decided by the Board in the first instance.
 
 
 13
 We conclude that the Board's determinations that petitioner is ineligible for an annuity under the 1930 Act and that the 1942 amendments to the CSRA do not apply are supported by substantial evidence and not contrary to law. In these respects, the Board's decision is affirmed. Because the Board erred in concluding that the current CSRA could not apply, however, that portion of the Board's decision denying the annuity is vacated-in-part. We remand for fact-finding and a decision by the Board only on the issue of petitioner's entitlement under the requirements of 5 years creditable service and 1 year (of the final 2) of covered service under the current CSRA. On remand, the Board shall consider, inter alia: (1) whether petitioner has established that she is an "employee" for purposes of the current CSRA as defined by 5 U.S.C. Sec. 2105, and (2) whether petitioner's service with the Philippine Insular Government was "covered" pursuant to 5 U.S.C. Sec. 8333(b).
 
 COSTS
 
 14
 Each party to bear its own costs.
 
 
 
 [1]
 Petitioner was also employed intermittently with the Philippine National Government from 1935 to October 10, 1950. Petitioner does not dispute that this period of service is not creditable, however