62 F.3d 1432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Purificacion F. BACTAD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3568.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Purificacion F. Bactad was not entitled to a deferred annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. Bactad has not responded.
 
 
 2
 Bactad was employed by the Department of the Navy in Subic Bay, Philippines from 1966 until 1981, when he retired due to a disability. In 1992, Bactad applied for retirement benefits under the CSRA. OPM denied Bactad's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Bactad had served under an indefinite, excepted appointment that was specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(13). Thus, the AJ concluded that while Bactad had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA and he was not eligible to deposit retirement contributions in the Civil Service Retirement and Disability Fund. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Bactad petitioned this court for review.
 
 
 3
 This court stayed Bactad's petition for review pending our decision in Rosete v. OPM, no. 94-3342. In that case, Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete v. Office of Personnel Management, 48 F.3d 514, 519 (Fed.Cir.1995). Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Bactad was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Rosete. As in Rosete, Bactad held only an indefinite appointment in the excepted service. Further, the Board found that there was no evidence that Bactad made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 In his informal brief filed before the court decided Rosete, Bactad presents two arguments. First, Bactad argues that all creditable service is covered by the CSRA. However, while most service is creditable, not all service is covered. Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). Bactad also contends that his SF-50 forms indicate that he held a tenure status that was inconsistent with an indefinite appointment. We recognized in Rosete that tenure grouping could be circumstantial evidence that the employee did not hold an indefinite appointment only if the employee was at any time subject to the Civil Service Retirement System (CSRS) and the employee's personnel record was incomplete as to evidence. Rosete, 48 F.3d at 519-520. The AJ specifically found that Bactad was not subject to the CSRS.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.